**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>ELKO COUNTY, SHERIFF AITOR NARVAIZA, LT. ADRIAN PARRY,<br><br>Defendants. | Case No.: 3:22-cv-00433-ART-CSD<br><br>**ORDER**<br><br>Re: ECF No. 19 |

Before the court is Defendants' Motion to Set Aside Clerk's Default. (ECF No. 19.) Plaintiff has opposed Defendants' motion (ECF No. 22) and Defendants have replied (ECF No. 23).

**BACKGROUND**

On December 5, 2022, the court issued its Screening Order allowing Plaintiff's complaint to proceed on the conditions of confinement claims in Counts I and II against Defendants Narvaiza, Lt. Parry and Elko County. (ECF No. 3 at 11.) The court directed the Clerk to issue summonses for the Defendants and to deliver the same to the U.S. Marshal for service.

On January 25, 2023, the U.S. Marshal returned the executed summonses for Defendants Elko County, Lt. Parry and Aitor Narvaiza. (ECF Nos. 7, 8, 9.)

/ / /

On March 13, 2023, Plaintiff filed a Motion for Entry of Clerk's Default. (ECF No. 12.) The Clerk of Court entered a default against Defendants Narvaiza, Lt. Parry and Elko County on March 28, 2023. (ECF No. 13.)

On June 15, 2023, Defendants filed a Motion to Set Aside Clerk's Default. (ECF No. 19.) Defendants request the court set aside the clerk's default because "the defaults against Nye County and Lt. Parry cannot stand because these Defendants were not effectively served as required by FRCP Rule 4. Specifically, service upon Nye County was ineffective because the Marshal merely left papers with an Executive Assistant, and service upon Lt. Parry was ineffective because Sheriff Narvaiza was not authorized to accept substituted service on her behalf." (*Id.* at 5.) Defendants further state that "the failure to Answer was an honest mistake by counsel, and there was no culpable conduct on the part of Defendants. Moreover, these Defendants have a meritorious defense to Plaintiff's claims in that he was not exposed to asbestos or black mold and suffered no damages. Finally, there is no prejudice to Plaintiff to have this case litigated on the merits." (*Id.*)

## **DISCUSSION**

The court may set aside an entry of default or default judgment for good cause. Fed. R. Civ. P. 55(c). Defaults are disfavored by the courts since defaults are inconsistent with the federal court's preference for resolving disputes on the merits. *Moreno v. LG Elecs. USA, Inc.,* 800 F. 3d 692, 698 (5th Cir 2015); *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The court should look at three factors when determining to set aside default: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has a meritorious defense; or (3) prejudice to the other party. *Signed Personal Check*

*No. 730 of Yurban S. Mesle*, 615 F.3d at 1091 (9th Cir. 2010). Satisfaction of any of the three factors will justify the setting aside of a default. *Brandt v American Bankers Insurance Co. of Florida*, 653 F. 3d 1108, 1111 (9th Cir 2011).

As to the first factor, a defendant engages in culpable conduct when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis original) (citations and internal quotation marks omitted), *overruled in part on other grounds in Egelhoff v. Efelhoff ex rel. Breiner*, 532 U.S. 141 (2000); *Signed Pers. Check No. 730,* 615 F. 3d at 1092. Defense counsel's declaration states that he was unaware of the instant litigation until it was listed along with the others on Plaintiff's recently filed change of address forms filed on May 31, 2023. (ECF No. 20 at 3.) Defendants further state that the packet of papers served by the U.S. Marshal were confusing "because the summons and complaint for Case No. 3:22-cv-00433-ART-CSD were contained within – and effectively hidden by – other documents for Case No. 3:22-cv-00331." (ECF No. 19 at 8.) The court concludes this is not culpable conduct on the part of the Defendants and falls squarely into the realm of mistake or excusable neglect. In sum, this factor weighs in favor of finding good cause to set aside the Clerk's entry of default.

As to the second factor, i.e., whether the defendant has a meritorious defense, the burden is not heavy. Instead, it is minimal, and the facts alleged by the defendant, if true, must constitute a defense." *TCI*, 244 F.3d at 700. Plaintiff's claims at issue in the instant litigation pertain to alleged asbestos and black mold exposure while detailed in the Elko County Detention Center. Defendants state that they "strenuously deny these claims and intend to defend against untrue allegations." (ECF No. 19 at 10.)

3

The last factor is whether the plaintiff can demonstrate prejudice to the plaintiff if the default is set aside. "'To be prejudicial, the setting aside of a judgment must result in greater harm that simply delaying resolution of the case.'" *Mesle,* 615 F.3d at 1095 (citation omitted). "'[T]he standard is whether [plaintiffs'] ability to pursue [their] claim will be hindered.'" *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds,* (citing *Falk v. Allen*, 739 F.3d 461, 463 (9th Cir. 1984) (per curiam)). Merely being forced to litigate on the merits is not prejudicial. *Id*. This final factor also weighs in favor of a finding of good cause to set aside the Clerk's entry of default.

## CONCLUSION

Defendants' Motion to Set Aside Clerk's Default (ECF No. 19) is **GRANTED**. Defendants shall file a response to Plaintiff's complaint within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: June 27, 2023.

_____
Craig S. Denney
United States Magistrate Judge

4