UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>　　Plaintiff<br><br>v.<br><br>ELKO COUNTY, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00433-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 40 |

　　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Before the court is Defendants' motion for summary judgment. (ECF Nos. 40, 40-1 to 40-8.) The day after the motion was filed, District Judge Traum issued a minute order regarding the requirements of responding to the motion as set forth in *Klingele v. Eikenberry* and *Rand v. Rowland*. (ECF No. 41.) That minute order was returned as undeliverable. (ECF No. 42.) On March 6, 2024, District Judge Traum gave Plaintiff until April 5, 2024, to file updated contact information with the court and file a response to Defendants' motion. (ECF No. 44.) Plaintiff did not timely update his contact information or file a response. On April 29, 2024, District Judge Traum noted that Plaintiff had updated his contact information in another case in this court. Judge Traum directed the Clerk to send the relevant filings to Plaintiff at that address and gave him until May 29, 2024, to file a response to Defendants' motion. (ECF No. 45.) Plaintiff again did not timely file a response to Defendants' motion. Defendants filed a reply brief indicating as much. (ECF No. 46.)

　　After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), however, the events giving rise to this action took place while he was either a pretrial detainee or convicted inmate in custody of the Elko County Detention Center (ECDC). He is proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.)

Plaintiff was allowed to proceed with claims under both the Eighth Amendment (for a convicted inmate) and the Fourteenth Amendment (for a pretrial detainee) related to alleged exposure to asbestos and then to toxic black mold and fungus in certain areas within the ECDC. He is proceeding with these claims against defendants Elko County Sheriff Aitor Narvaiza, Elko County Sheriff's Lieutenant Adrienne Parry, and Elko County. (Screening Order, ECF No. 3.)

Defendants move for summary judgment, arguing the following: Plaintiff has no evidence to support any of his claims; Plaintiff already brought and abandoned claims for unsanitary shower conditions in case 3:22-cv-00331-MMD-CSD; and Defendants are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the

2

other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

**A. Eighth Amendment Conditions of Confinement**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 835.

**B. Fourteenth Amendment Pretrial Detainee Conditions of Confinement**

"Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (citing *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

"Under the Due Process Clause, detainees have a right against jail conditions or restrictions that amount to punishment." *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (internal citations and quotation marks omitted).

Under the Due Process Clause, like the Eighth Amendment, "the plaintiff must show that the prison officials acted with 'deliberate indifference.'" *Castro,* 833 F.3d at 1068. Deliberate indifference under the Fourteenth Amendment involves an objective standard. *Id*. at 1069-70; *see also Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015) ("a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose"). The elements of such a claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071; *see also Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (applying the same elements to a detainee's claim for denial of adequate medical care).

**C. Municipal Liability**

Municipalities can be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a

6

pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

**D. Analysis**

Plaintiff was asked at his deposition what evidence he has that he was exposed to asbestos at the ECDC. He responded: "I don't have any." (ECF No. 40-3, depo. pp. 9:25, 10:1-3.) He was also asked what evidence he has that he was exposed to toxic black mold at the ECDC, and similarly responded, "I don't have any." (*Id*., depo. p. 10:4-7.) He further testified he had no documents showing he was allegedly exposed to asbestos at the ECDC. (*Id*., depo pp. 14:24-25, 15:1-4.) He likewise has no documents showing there was testing for toxicity for black mold and fungus within the ECDC or that there was some type of toxic black mold within the ECDC. (*Id*., depo. p. 15:5-12.)

Plaintiff claims that he sustained damage to his lungs as a result of exposure to asbestos and black mold at the ECDC, but he has never seen a doctor that told him he sustained physical

7

injuries as a result of this alleged exposure. (*Id*., depo. p. 8:2-17.) Nor could he say what physical symptoms manifested as a result of the alleged damage to his lungs or other injuries he claims to have sustained as a result of this exposure. (*Id*., depo. p. 8:18-23.) In fact, he testified he has no evidence that links any alleged symptoms to his claimed exposure to asbestos or black mold at the ECDC. (*Id*., depo. p. 9:20-24.)

Under either the Eighth or Fourteenth Amendment, Defendants have established that Plaintiff has no evidence to support his claim that he faced, objectively speaking, a substantial risk of serious harm. Plaintiff has not filed a response to Defendants' motion to create a genuine dispute of material fact on this issue. Therefore, Defendants Narvaiza, and Parry are entitled to summary judgment.

With respect to Elko County, since Plaintiff has no evidence that he was exposed to asbestos or toxic black mold or fungus at ECDC, there is no evidence of any policy on the part of Elko County with respect to these allegations, nor any other evidence that would support a finding of municipal liability. Therefore, Elko County is also entitled to summary judgment.

In light of these conclusions, the court need not address the remainder of Defendants' arguments.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 40).

IT IS FURTHER RECOMMENDED that the District Judge enter **JUDGMENT** in favor of Defendants.

///

///

8

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 5, 2024

_____
Craig S. Denney
United States Magistrate Judge