UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WADE ALAN KNIGHT

Plaintiff,

v.

ELKO COUNTY, *et al.*,

Defendants.

Case No. 3:22-CV-00433-ART-CSD

ORDER

*Pro se* Plaintiff Wade Alan Knight brings this action under 42 U.S.C. § 1983 for Eighth and Fourteenth Amendment claims related to exposure to asbestos, toxic black mold, and fungus at Elko County Detention Center (ECDC). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 47), recommending that the Court grant Defendants' Motion for Summary Judgment (ECF No. 40). To date, no objection to the R&R has been filed. Plaintiff also never opposed Defendants' Motion for Summary Judgment, even after the Court sua sponte granted him more time to do so. (ECF No. 45.) For these reasons, and as explained below, the Court adopts the R&R, grants the motion for summary judgment, and enters judgment in favor of the Defendants.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one

1   or both parties file objections to the findings and recommendations.") (emphasis

2   in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

3   the Court "need only satisfy itself that there is no clear error on the face of the

4   record in order to accept the recommendation.").

5          Because there is no objection, the Court need not conduct de novo review

6   and is satisfied Judge Denney did not clearly err. Here, Judge Denney

7   recommends granting summary judgment on the claims because during his

8   deposition, Plaintiff could not identify any evidence that he was exposed to

9   asbestos, toxic black mold, or fungus. (ECF No. 40-3 at 9:25-10:07; 14:24-

10  15:12.) Plaintiff also testified that he has never seen a doctor who informed him

11  that he suffered any physical injuries as a result of the alleged exposure. (*Id.* at

12  8:02-17.) Plaintiff further could not identify any physical symptoms or injuries

13  from the alleged exposure. (*Id.* at 8:18-23.) Plaintiff also could not provide any

14  evidence linking any alleged symptoms to any asbestos or black mold exposure.

15  (*Id.* at 9:20-24.) Thus, there is no genuine issue of material fact with regards to

16  whether Plaintiff faced an objectively substantial risk of serious harm, so

17  Defendants Narvaiza and Parry are entitled to summary judgment. With respect

18  to the remaining defendant, Elko County, Plaintiff has not provided any policy

19  or other evidence to support finding the existence of municipal liability, so the

20  Court will grant summary judgment for Elko County.

21         Having reviewed the R&R and the record in this case, the Court is satisfied

22  that Judge Denney did not clearly err and adopts the R&R in full.

23         It is therefore ordered that Judge Denney's Report and Recommendation

24  (ECF No.47) is accepted and adopted in full.

25  ///

26  ///

27  ///

28  ///

1        It is further ordered that Defendants' Motion for Summary Judgment (ECF

2  No. 40) is granted.

3        The Clerk of Court is directed to enter judgment accordingly and close this

4  case.

7        DATED this 9th day of August 2024

9        ANNE TRAUM
          UNITED STATES DISTRICT JUDGE